UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WAYNE VINSON** | : | **CIVIL ACTION  2:13-CV-1534** |
| BOP#14878-171 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 filed by *pro se* petitioner Wayne Vinson (hereafter, "petitioner"). Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

The documentation produced by petitioner in this case, as well as information gathered from matters pertaining to petitioner in other courts, establishes the following chronology of events:

- *November 7, 2006*: Petitioner was indicted in the United States District Court for the District of South Carolina for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), & 924(e). *United States v. Vinson*, Dkt. No. 3:06-cr-1170, doc. 1 (D.S.C.).

- *April 26, 2007*:  Petitioner pleaded guilty to the charge.  *United States v. Vinson*, Dkt. No. 3:06-cr-1170, doc. 40 (D.S.C.)

- *September 4, 2008*:  The District of South Carolina sentenced petitioner to 210 months imprisonment, taking into account his status as a habitual offender under the Armed Career Criminal Act (hereafter, "ACCA").  *United States v. Vinson*, Dkt. No. 3:06-cr-1170, doc. 79 (D.S.C.).

- *September 11, 2008*:  Petitioner filed a direct appeal to the Fourth Circuit Court of Appeals.  *United States v. Vinson*, Dkt. No. 3:06-cr-1170, doc. 82 (D.S.C.).

- *August 13, 2009*:  The Fourth Circuit affirmed petitioner's conviction and sentence.  *United States v. Vinson*, Dkt. No. 3:06-cr-1170, docs. 108–109 (D.S.C.).

- *January 19,* 2010:  The United States Supreme Court denied petitioner's application for a writ of certiorari.  *United States v. Vinson*, 130 S. Ct. 1160 (2010).

- *December 10, 2010*:  Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the District of South Carolina.  *United States v. Vinson*, Dkt. No. 3:06-cr-1170, doc. 127 (D.S.C.).

- *July 18, 2011*:  The District of South Carolina denied petitioner's § 2255 motion.  *United States v. Vinson*, Dkt. No. 3:06-cr-1170, doc. 143 (D.S.C.).

- *June 4,* 2013:  Petitioner filed the instant *habeas corpus* petition pursuant to 28 U.S.C. § 2241 in this court.  Doc. 1.

- *January 3, 2014*:  Petitioner filed a "motion to reduce sentence" in the District of South Carolina.  *United States v. Vinson*, Dkt. No. 3:06-cr-1170, doc. 155 (D.S.C.).

- *January 7, 2014*:  The District of South Carolina denied petitioner's "motion to reduce sentence" as an unauthorized second or successive motion for relief under § 2255.  *United States v. Vinson*, Dkt. No. 3:06-cr-1170, doc. 156 (D.S.C.).

Petitioner asserts one ground for relief in the instant *habeas corpus* application, namely that his sentence enhancement under the ACCA was improper because it was based upon prior convictions that are invalid predicate offenses under the ACCA.  Doc. 8, p. 5.  In support of this position, petitioner claims that the recent United States Supreme Court decisions in *Descamps v.*

*United States*, 133 S.Ct. 2276 (2013) and *McQuiggin v. Perkin*s, 133 S.Ct. 1924 (2013), establish that his prior assault and battery conviction should not have been used as a predicate offense. Doc. 10, p. 2..

As relief, petitioner asks this court to vacate his illegal sentence and to order his resentencing without the ACCA enhancement. *Id.*

## II. LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a motion to vacate filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, petitioner collaterally attacks the legality of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, his claim is appropriately characterized as a motion to vacate pursuant to 28 U.S.C. § 2255.

Federal prisoners may use § 2241 to challenge the legality of their conviction or sentence only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file an application for a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense; or (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the

§ 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior § 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not entitle a petitioner to § 2241 relief. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner's allegations are insufficient to invoke the savings clause in this case. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense,[1] nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous motions to vacate. Thus, petitioner may not avail himself of § 2241 relief, and his claims must be brought in a motion to vacate under § 2255. The fact that petitioner's previous § 2255 motions were unsuccessful and that the one-year limitations period for bringing such claims has already run does not satisfy the savings clause. *Jeffers,* 253 F.3d at 830; *Toliver* 211 F.3d at 878. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### III. CONCLUSION

For the foregoing reasons:

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have 14 days from its service to file specific,

---

[1] Neither *Descamps* nor *McQuiggin* have been made retroactively applicable to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, (2001) (holding that a new rule is not made retroactive to cases on collateral review unless the Supreme Court expressly holds it to be retroactive).

written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within 14days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 29th day of May, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE